UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. VOZZELLA,<br><br>        Plaintiff,<br><br>        v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br><br>        Defendant. | Case No. 23-cv-12091-DJC |

**ORDER**

**CASPER, J.**                                                               September 27, 2023

Plaintiff Robert J. Vozzella ("Vozzella"), a retired United States Postal employee, brings this action against the Office of Personnel Management, claiming it incorrectly calculated his retirement annuity. D. 1 at 4. The complaint alleges, among other things, that "for the past two years [Vozzella has] tried to settle this claim making hundreds of calls most of the time no response or other excuses." Id. Vozzella seeks $250,000 damages for pain and suffering. Id. For the reasons stated below, the Court dismissed this action without prejudice because it lacks subject matter jurisdiction.

This Court has an independent obligation to inquire *sua sponte* into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). In conducting this review, the Court liberally construes Vozzella's complaint because he is proceeding pro se. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519,

1

520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

This Court has no jurisdiction to review the calculation of Vozzella's federal retirement pension benefits. Rather, Congress requires that Vozzella must bring such claim through the administrative process through OPM, then to the Merit Systems Protection Board, and ultimately review by the Federal Circuit Court:

> The Civil Service Reform Act (the "CSRA") "specifies the benefits to which federal employees and their survivors are entitled, and provides a reticulated remedial regime for beneficiaries to secure review—including judicial review—of benefits determinations." Fornaro v. James, 416 F.3d 63, 66 (D.C. Cir. 2005) (Roberts, J.); see also United States v. Fausto, 484 U.S. 439, 455, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (explaining that CSRA provides "a comprehensive system for reviewing personnel action taken against federal employees."). The CSRA includes the Civil Service Retirement Act, which describes the review process for employees who wish to challenge OPM's calculation of their retirement benefits. This review process has three steps. See Fornaro, 416 F.3d at 64. First, an employee must file a claim with OPM. See 5 U.S.C. § 8347(b). Second, an employee may appeal OPM's decision to the Merit Systems Protection Board (the "MSPB"). See 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 1201.3(a)(2). Third, and finally, an employee may appeal the MSPB's decision to the United States Court of Appeals for the Federal Circuit. See 5 U.S.C. § 7703(b)(1)(A); 28 U.S.C. § 1295(9). This three-step procedure is exclusive and precludes district court review. See Fornaro, 416 F.3d at 66; Matsuo v. United States, 416 F. Supp. 2d 982, 998–99 (D. Haw. 2006); Cruz v. United States, No. 1:09–79, 2012 WL 3573659, at *6 (D.Vi. Aug. 13, 2012).

Rodriguez v. The U.S. of Am., No. 3:14-CV-01193-NT, 2015 WL 5008306, at *2 (D.P.R. Aug. 20, 2015), aff'd sub nom. Rodriguez v. U.S., 852 F.3d 67 (1st Cir. 2017).

Vozzella claims to have attempted to resolve the issue with OPM over the past two years, but it is unclear whether he has followed the proper procedure or received a decision from OPM. In any event, "[e]ven if [Vozzella] had exhausted his administrative remedies with the Office of Personnel Management and the Merit Systems Protection Board, . . . judicial review over his claim lies exclusively in the United States Court of Appeals for the Federal Circuit, not this court."

Jeanmarie v. Rettig, No. 3:19-cv-00052-PRM-LS, 2019 WL 6048033, at *2 (Sept. 13, 2019); see Eisenbeiser v. Chertoff, 448 F. Supp. 2d 106, 111 (D.D.C. 2006).  Accordingly, Vozzella's remedy with respect to the calculation of his benefits, is with OPM, then appeal to the Merit Systems Protection Board, and then to the Federal Circuit.

The Court also lacks subject matter jurisdiction over Vozzella's claim for damages because OPM is entitled to sovereign immunity for suit for damages relating to the claim of miscalculation of benefits.  See Thomas v. U.S. Postal Serv., 364 Fed. Appx. 600, 601 (11th Cir. 2010) (unpublished); Burton v. Off. of Personnel Management, No. 21-CV-5323 (LDH)(LB), 2022 WL 1105151, at *2 & n.1 (E.D.N.Y. Apr. 13, 2022) (dismissing complaint *sua sponte* against OPM and observing "[h]ad plaintiff sought damages, her claim against OPM would be precluded by the doctrine of sovereign immunity").

Accordingly, Vozzella's action cannot be brought in this Court, and therefore this action is DISMISSED for lack of subject matter jurisdiction.  Vozzella's Application to Proceed in District Court Without Prepaying Fees or Costs, D. 2, is DENIED as moot.  The Clerk is directed to enter a separate order of dismissal.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
UNITED STATES DISTRICT JUDGE